UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PASCAL PIERRE,

                                    Plaintiff,                Civil Docket No.:

           -against-

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14                        NOTICE OF REMOVAL
and REGAL CINEMAS, INC.,

                                    Defendants.
-------------------------------------------------------------------X

To: United States District Court, Eastern District of New York

       PLEASE TAKE NOTICE that defendant, Regal Cinemas, Inc., by their attorneys,

removes this case from the Supreme Court of the State of New York, County of Kings, and in

support of removal states, under penalty of perjury:

       1.      A civil action brought in a state court of which the district courts of the United

States have original jurisdiction may be removed by the defendant to the district court of the

United States for the district and division embracing the place where such action is pending. 28

U.S.C. § 1441(a).

       2.      28 U.S.C. § 1446 requires that a defendant who wants to remove a civil action to

file a notice of removal together with copies of all process, pleadings, and orders served upon it,

within 30 days of receipt of the initial pleadings.

                        **RELEVANT PROCEDURAL HISTORY**

       3.      A civil action was commenced by the plaintiff, Pascal Pierre, against United

Artists Sheepshead Bay Stadium 14 and Regal Cinemas, Inc. in the Supreme Court of the State

of New York, County of Kings, Index No. 15688/12. A copy of the Complaint is annexed as

**Exhibit A.**

4.     The Complaint was filed with the Supreme Court, Kings County, on or about August 1, 2012. It was served on defendants on August 15, 2012, as noted on the time stamped on the Complaint, which is annexed as **Exhibit A**.

## GROUNDS FOR REMOVAL

5.     The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

6.     There is no such entity or other business organization by the name of United Artist Sheepshead Bay Stadium 14. Sometimes the name United Artist Sheepshead Bay Stadium 14, or a similar name, is used to refer to the theater located at 3907 Shore Parkway (where the accident allegedly occurred); however, there is no such legal entity or other business organization by that name. This is explained in the affidavit from Regal Cinemas' Senior Vice President of Real Estate, Robert G. Crane, which is annexed as **Exhibit B**.

7.     Regal Cinemas, Inc. is a Tennessee corporation with a principal place of business located at 7132 Regal Lane, Knoxville, Tennessee 37918.

8.     The plaintiff's Complaint alleges that he is a resident of Kings County, New York. **Exhibit A**.

9.     Defendants believe in good-faith that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on the allegations in the plaintiff's Complaint.

## CONCLUSION

10.     Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the parties. The United

States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

11.     Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. § 1446(d), as evidenced in the annexed Certificate of Service.

12.     Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. § 1446(d).

13.     By filing this Notice of Removal, defendants do not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

WHEREFORE, the defendants give notice that the above-referenced action, pending against them in the Supreme Court of the State of New York, County of Kings, has been removed to this Court.

Dated: New York, New York
       September 7, 2012

Marshall Dennehey Warner Coleman & Goggin

Adam C. Calvert (AC 7825)
Attorneys for Defendant
Regal Cinemas, Inc.
88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6414

To:    Brad S. Levin, Esq.
       Sacco & Fillas, LLP
       Attorneys for Plaintiff
       31-19 Newtown Avenue
       Seventh Floor
       Astoria, New York 11102
       (718) 746-3440



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No. 15688 / 12

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PASCAL PIERRE,

Plaintiff,

-against-

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 and REGAL CINEMAS, INC.,
Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### SUMMONS and VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: July 19, 2012            Signature: _____

Brad S. Levin, Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

PASCAL PIERRE,

Plaintiff,

-against-

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 and
REGAL CINEMAS, INC.,

Defendant.

Filed: _____

INDEX NO. 15658/12

Plaintiff designates Kings
County as the place of trial.

**SUMMONS**

The basis of venue is
Plaintiff's residence:
1128 East 89th Street

### To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer on the plaintiff's attorneys within 20 days after the service of this

summons, exclusive of the day of service of this summons, or within 30 days after service of this

summons is complete if this summons is not personally delivered to you within the State of New

York.

In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
    July 19, 2012

SACCO & FILLAS, LLP
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

UNITED ARTIST  SHEEPSHEAD BAY STADIUM 14
3907 Shore Parkway
Brooklyn, New York

REGAL CINEMAS INC
7132 Commerical Park Drive
Knoxville, TN  37918

SACCO & FILLAS  LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PASCAL PIERRE,

Plaintiff,

-against-

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 and
REGAL CINEMAS, INC.,

Defendant.

INDEX NO.
$1 5 6 8 8 / 1 2$
$D F \; 8 \cdot 0 / \; 1 2$
**VERIFIED COMPLAINT**

---

Plaintiff, by its attorneys, SACCO & FILLAS, LLP, as and for its Verified Complaint, respectfully alleges, upon information and belief:

1. The plaintiff, PASCAL PIERRE, at all times herein mentioned was and still is a resident of the County of Kings and the State of.

2. The defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Kings and the State of New York.

3. The defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

4. The defendant, UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned conducted and carried on business in the County of Kings and the State of New York.

5. The defendant, UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned was and still is a partnership doing business in the County of Kings and the State of New York.

6. The defendant, UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned was and still is a limited liability partnership doing business in the County of

SACCO & FILLAS, LLP

Kings and the State of New York.

7. The defendant, UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned was and still is a limited liability corporation doing business in the County of Kings and the State of New York.

8. The defendant, UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, at all times herein mentioned was and still is a sole proprietorship doing business in the County of Kings and the State of New York.

9. At all times herein mentioned, defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 transacted business within the State of New York.

10. At all times herein mentioned, defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11. At all times herein mentioned, defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 expected or should reasonably have expected its acts to have consequences in the State of New York.

12. At all times herein mentioned, defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 derived substantial revenue from interstate or international commerce.

13. The defendant REGAL CINEMAS, INC.,, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business situated in the County of Kings and the State of New York.

14. The defendant REGAL CINEMAS, INC.,, at all times herein mentioned was and still is a foreign corporation duly licensed and authorized to do business in the State of New York.

15. The defendant, REGAL CINEMAS, INC.,, at all times herein mentioned conducted and carried on business in the County of Kings and the State of New York.

16. The defendant, REGAL CINEMAS, INC.,, at all times herein mentioned was and

SACCO & FILLAS LLP

27. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 owned the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

28. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 was one of the owners of the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

29. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 was a lessee of the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

30. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees operated the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

31. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees maintained the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

32. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees managed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

33. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees controlled the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

34. At all times herein mentioned, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees supervised the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

35. On or before July 15, 2012, the defendant UNITED ARTISIT SHEEPSHEAD BAY

SACCO & FILLAS, LLP

STADIUM 14, defendant's servants, agents and/or employees repaired the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

36. On or before July 15, 2012, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees inspected the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

37. On or before July 15, 2012, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees constructed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

38. On or before July 15, 2012, the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees designed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

39. At all times herein mentioned, it was the duty of the defendant UNITED ARTIST SHEEPSHEAD BAY STADIUM 14, defendant's servants, agents and/or employees to maintain said premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York, in a reasonably safe and suitable condition and in good repair.

40. At all times herein mentioned, the defendant REGAL CINEMAS, INC., owned the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

41. At all times herein mentioned, the defendant REGAL CINEMAS, INC., was one of the owners of the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

42. At all times herein mentioned, the defendant REGAL CINEMAS, INC., was a lessee of the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

43. At all times herein mentioned, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees operated the premises located at Sheepshead Bay Movie

Theater 3907 Shore Parkway, Brooklyn, New York.

44. At all times herein mentioned, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees maintained the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

45. At all times herein mentioned, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees managed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

46. At all times herein mentioned, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees controlled the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

47. At all times herein mentioned, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees supervised the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

48. On or before July 15, 2012, the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees repaired the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

49. On or before July 15, 2012, the defendant REGAL CINEMAS, INC defendant's servants, agents and/or employees inspected the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

50. On or before July 15, 2012, the defendant REGAL CINEMAS, INC defendant's servants, agents and/or employees constructed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

51. On or before July 15, 2012, the defendant REGAL CINEMAS, INC defendant's servants, agents and/or employees designed the premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York.

SACCO & FILLAS, LLP

52. At all times herein mentioned, it was the duty of the defendant REGAL CINEMAS, INC., defendant's servants, agents and/or employees to maintain said premises located at Sheepshead Bay Movie Theater 3907 Shore Parkway, Brooklyn, New York, in a reasonably safe and suitable condition and in good repair

53. Solely as a result of the defendant's negligence, carelessness and recklessness, PASCAL PIERRE was caused to suffer severe and serious personal injuries to mind and body, and further, that PASCAL PIERRE was subjected to great physical pain and mental anguish.

54. By reason of the foregoing, PASCAL PIERRE was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and PASCAL PIERRE will be permanently caused to suffer pain, inconvenience and other effects of such injuries; PASCAL PIERRE incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and PASCAL PIERRE will be unable to pursue PASCAL PIERRE's usual duties with the same degree of efficiency as prior to this accident, all to PASCAL PIERRE's great damage.

55. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

56. Due to defendant's negligence, plaintiff is entitled to damages.

**WHEREFORE**, the plaintiff demands judgment awarding damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: Astoria, New York
     July 19, 2012

By: Brad S. Levin

SACCO & FILLAS LLP

**SACCO & FILLAS, LLP**

Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York  11102
(718) 746-3440
Our File No.: 10329-12

SACCO & FILLAS  LLP

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PASCAL PIERRE,

               Plaintiff,

         -against-

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14 and
REGAL CINEMAS, INC.,

               Defendant.

---

INDEX NO.  / ⁚
15 6 8 8 / ⁚ ⁚
2 8 - 01 - 12

**ATTORNEY'S
VERIFICATION**

Brad S. Levin, an attorney duly admitted to practice law in the State of New York, makes
the following affirmation under the penalty of perjury:

I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

I have read the foregoing Complaint and know the contents thereof; the same is true to
my own knowledge except as to the matters therein stated to be alleged on information and belief
and that as to those matters, I believe them to be true.

This verification is made by affirmant and not by plaintiff because plaintiff does not
maintain its principal place of business within the County of Queens, which is the County where
your affirmant maintains offices.

The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge
are correspondence had with the said plaintiff, information contained in the said plaintiff's file,
which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
      July 19, 2012

                        BRAD S. LEVIN

SACCO & FILLAS, LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

PASCAL PIERRE,

                                        Plaintiff,          Civil Docket No.:

        -against-

                                                           **AFFIDAVIT**

UNITED ARTIST SHEEPSHEAD BAY STADIUM 14
and REGAL CINEMAS, INC.,

                                        Defendants.
--------------------------------------------------------------X

State of Tennessee    )
                      )          **s.s.:**
County of  *Knox*     )

        Robert G. Crane, being duly sworn, deposes and says:

        1.      I am employed by Regal Cinemas, Inc. in the position of Senior Vice President of

Real Estate.

        2.      Part of my duties and responsibilities require me to have detailed knowledge of

the corporate structure and entities associated with Regal Cinemas, Inc. and the theaters owned,

leased and operated by Regal Cinemas, Inc.

        3.      On the basis of that knowledge, I attest that Regal Cinemas, Inc. is, and was on

the date of the plaintiff's alleged accident, the lessee and operator of the movie theater located at

3907 Shore Parkway, Brooklyn, New York.

        4.      I also attest that, to the best of my knowledge, there is no such entity or other

business organization by the name of United Artist Sheepshead Bay Stadium 14. Sometimes the

name United Artist Sheepshead Bay Stadium 14, or a similar name, is used to refer to the theater

located at 3907 Shore Parkway; however, there is no such legal entity or other business

organization by that name.

Robert G. Crane

Subscribed to before me this
10th day of September, 2012



Notary Public